CMM:AT
F. #2026R00162

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

SUNG MOO CHO,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. N **CR - 26 _ 0154**
(T. 15, U.S.C., §§ 80b-6, 80b-14 and 80b-
17; T. 18, U.S.C., §§ 981(a)(1)(C), 1343,
2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**AZRACK, J.**

**WICKS, M.J.**

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.    The Defendant, Relevant Entities and Relevant Individuals

      1.    The defendant SUNG MOO CHO resided in Jersey City, New Jersey. CHO was registered as an investment adviser with the United States Securities and Exchange Commission ("SEC").

      2.    The Co-conspirator, an individual whose identity is known to the United States Attorney, owned and operated a business incorporated in the State of New York (the "Company"), an entity the identity of which is known to the United States Attorney. The Company was located in Queens, New York.

      3.    The Victim, an individual whose identity is known to the United States Attorney, was a resident of Franklin Lake, New Jersey. The Victim was a client of, and had assets managed by, the defendant SUNG MOO CHO.

2

4. The Advisory Practice, an entity the identity of which is known to the United States Attorney, was located in Hauppauge, New York. The defendant SUNG MOO CHO was employed by the Advisory Practice as an investment advisor. CHO managed the Victim's assets at the Advisory Practice, and certain of the Victim's accounts were housed by the Advisory Practice on Long Island.

II. The Embezzlement Scheme

5. In or about and between 2023 and 2025, the defendant SUNG MOO CHO embezzled several million dollars from the Victim. In furtherance of this fraudulent scheme, CHO used his access to the Victim's investment accounts at the Advisory Practice to wire the Victim's funds, without the Victim's knowledge or consent, to the Company. CHO then directed the Co-conspirator to issue checks or wire transfers from the Company to accounts that CHO controlled. In exchange for facilitating the scheme, CHO paid the Co-conspirator a fee.

6. When the Victim inquired about the purpose of the wire transfers to the Company, the defendant SUNG MOO CHO falsely represented that the funds were being used for a legitimate investment. In reality, CHO used the stolen funds for personal expenses and luxury purchases, including paying off credit card debt and student loans, taking vacations, and purchasing expensive jewelry. Through this scheme, CHO embezzled approximately $3.5 million.

<u>COUNT ONE</u>
(Wire Fraud)

7. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8. In or about and between 2023 and 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SUNG MOO

3

CHO, together with others, did knowingly and intentionally devise a scheme and artifice to defraud and obtain money and property from the Victim by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute such scheme and artifice did transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, to wit: wires from the Victim's investment account at the Advisory Practice to the Company's bank account.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT TWO
(Investment Adviser Fraud)

9.    The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

10.    In or about and between 2023 and 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SUNG MOO CHO, together with others, did knowingly and willfully use and cause to be used the mails and means and instrumentalities of interstate commerce, directly and indirectly: (a) to employ one or more devices, schemes and artifices to defraud the Victim; (b) to engage in one or more transactions, practices and courses of business which operated as a fraud and deceit upon the Victim; and (c) to engage in one or more acts, practices and courses of business which were fraudulent, deceptive and manipulative.

(Title 15, United States Code, Sections 80b-6, 80b-14 and 80b-17; Title 18, United States Code, Sections 2 and 3551 et seq.)

4

## CRIMINAL FORFEITURE ALLEGATION
## <u>AS TO COUNT ONE</u>

11. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

*By David Pitluck, Assistant U.S. Attorney*

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆    JUN 0 1 2026    ★

LONG ISLAND OFFICE